IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AREJ DENG DENG MJOK,
A 094 549 699,

    Petitioner,

vs.              Case No. 3:15-cv-01091-DRH

LORETTA LYNCH,
JEFF CHARLES JOHNSON,
RICARDO A. WONG, and
WARDEN – PULASKI COUNTY
DETENTION CENTER,

    Respondents,

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

  Petitioner Arej Deng Deng Mjok is currently imprisoned at the Pulaski County Detention Center in Ullin, Illinois (Doc. 1). Proceeding *pro se*, he filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241 to challenge his continued detention.

  Petitioner is a native of the former Sudan and a citizen of South Sudan. He entered the United States as a refugee on or about August 22, 2005, and has lived in this country since that time. He has no family, and his only ties are to the United States.

  In May 2013, petitioner was convicted in Kentucky of assault and wanton endangerment (Doc. 1, p. 12). On September 3, 2013, petitioner was taken into custody by Immigration & Customs Enforcement (ICE). He has remained in

custody ever since. On April 23, 2014, he was ordered removed from the United States to South Sudan. Petitioner's custody status was reviewed for the first time on August 21, 2014, and he was ordered to remain in detention. However, ICE has been unable to effectuate petitioner's removal.

Petitioner has cooperated with ICE's efforts to remove him, which have been stymied by the lack of a travel document. On September 28, 2015, petitioner was advised by a South Sudan embassy official that the government of South Sudan is not issuing any travel documents, and will not issue them in the foreseeable future (Doc. 1, p. 4).

He asserts that under *Zadvydas v. Davis*, 533 U.S. 678 (2001), six months is the "presumptively reasonable period" during which ICE may detain an alien in order to effectuate his removal. The *Zadvydas* ruling also applies to inadmissible aliens, pursuant to the Supreme Court's decision in *Clark v. Martinez*, 543 U.S. 371 (2005). Petitioner's presumptive six-month period is long expired. Due to the unavailability of the necessary travel documents, his removal to South Sudan or any other country is not likely to occur in the reasonably foreseeable future. Therefore, he claims, he should be entitled to release from custody under the terms of the applicable statute and case law (Doc. 1, p. 5). He also asserts that substantive and procedural due process violations have occurred, which should lead to his release.

Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule

1(b)[1] of the Rules Governing Section 2254 Cases in United States District Courts, and a response shall be ordered.

However, petitioner has named several respondents who are not proper in a § 2241 action. In *Kholyavskiy v. Achim*, 443 F.3d 946, 952-53 (7th Cir. 2006), the Seventh Circuit held that an immigration detainee raising substantive and procedural due process challenges to his "confinement while awaiting removal" could only name the person who has immediate custody of him during his detention, and not high-level Immigration and Customs Enforcement officials or the Attorney General. Accordingly, all defendants other than the Warden of the Pulaski County Detention Center will be dismissed from this case.

## Disposition

**IT IS HEREBY ORDERED** that Attorney General Loretta Lynch, DHS Secretary Jeff Charles Johnson, and ICE Field Office Director Ricardo A. Wong are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the Warden of the Pulaski County Detention Center shall answer the petition within thirty days of the date this order is entered.[2] This order to respond does not preclude the respondent from making whatever waiver, exhaustion, or timeliness arguments it may wish to present to the Court. Service upon the Warden, Pulaski County Detention Center, 20 Justice Drive, Ullin, Illinois, 62992 shall constitute sufficient service.

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action brought under § 2241.

[2] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.

Pursuant to Federal Rule of Civil Procedure 4(i), the **CLERK** is **DIRECTED** to send a copy of the summons, petition, and this Order to the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, and to send a copy of the summons, petition, and Order via registered or certified mail to the United States Attorney General in Washington, D.C., and to the United States Department of Homeland Security.

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligations to keep the Clerk (and respondent) informed of any change in his whereabouts during this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Signed this 9th day of October, 2015.

Digitally signed by David R. Herndon
Date: 2015.10.09 16:25:59 -05'00'

**United States District Judge**